IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOAN GRESLIN,

    Plaintiff,

vs.                                                            CIV  NO. 02-225 ELM/DJS

PIONEER LIFE INSURANCE COMPANY,

    Defendant.


JOAN GRESLIN,

    Plaintiff,

vs.                                                            CIV  NO. 02-723 MV/DJS

AMERICAN TRAVELLERS LIFE INSURANCE
COMPANY AND CONSECO SENIOR
HEALTH INSURANCE COMPANY,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before me on a Motion to Consolidate *Joan Greslin v. Pioneer Life Insurance Company*, Civ. No. 02-0225, with *Joan Greslin v. American Travellers Life Insurance Company and Conseco Senior Health Insurance Company*, Civ. No. 02-0723.  The Motion has been brought by the Defendants Pioneer Life Insurance Company, American

Travellers Life Insurance Company and Conseco Senior Health Insurance Company. Having reviewed the motion, response and reply, I find that the Motion to Consolidate is well taken and will be granted.

The Defendant Insurance Companies have moved to consolidate the two cases pursuant to Fed. R. Civ. P. 42 (a).

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

My initial inquiry is whether there is a common question of law or fact. If the two cases involve a common question of law or fact, then I must weigh the interests of judicial convenience in consolidating the two cases against any delay, confusion or prejudice that consolidation might cause. *Servants of the Paraclete, Inc. v. Great American Insurance Co.*, 866 F. Supp. 1560, 1572 (D. N.M. 1994).

I have determined that in the interests of judicial convenience these two cases should be consolidated. The cases involve common questions of fact. The Plaintiff brought these cases because of disputes involving insurance coverage for long term care and home health care which she needed as a result of a leg amputation. The facts surrounding her health problems and need for long term care and home health care will be identical.

The Plaintiff argues that the two cases will involve different issues of coverage. In the Pioneer case coverage was denied while coverage under the Travellers policy was paid, although after a delay. But there are unique circumstances in these cases which convince me that consolidation would be more efficient than not. Counsel for the defendant insurance companies in

2

both cases is identical. The same parent company owns both insurance companies. The proof of loss submitted to both insurance companies was virtually identical. There will be an overlap of witnesses. The Travellers insurance payment was conditioned, at one point, on the dismissal of the lawsuit against Pioneer, an issue that will undoubtedly elicit testimony relating to both policies, the disputes involving coverage and the actions of their claim departments. Bad faith claims exist in both lawsuits.

Plaintiff also argues that there is a risk of jury confusion when asked to differentiate between the issues that are unique to each case - the issues of coverage and the separate handling of the initial claims. But the risk of jury confusion can be overcome with adequate instructions. *See Central Motor Co. v. United States*, 583 F.2d 470 (10th Cir. 1978). I do not find Plaintiff's arguments persuasive enough to overcome the economies of consolidation.

Therefore, in the the interest of judicial economy I find that the Motion to Consolidate *Joan Greslin v. Pioneer Life Insurance Company*, Civ. No. 02-0225, with *Joan Greslin v. American Travellers Life Insurance Company and Conseco Senior Health Insurance Company*, Civ. No. 02-0723, will be GRANTED. IT IS HEREBY ORDERED that the above referenced two cases are consolidated.

_____
SENIOR UNITED STATES JUDGE